## CROPP v. HOAGE (UNITED STATES FIDELITY & GUARANTY CO., Inc., Intervener).

### No. 6060.

United States Court of Appeals for the District of Columbia.

Argued Feb. 14, 1934.

Decided June 18, 1934.

Burnita Shelton Matthews and Rebekah S. Greathouse, both of Washington, D. C., for appellant.

H. Mason Welch, John R. Daily, J. Harry Welch, and Leslie C. Garnett, U. S. Atty., all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appellant was a bricklayer employed in the city of Washington. In May, 1931, he suffered an injury to his shoulder while employed on his job. Medical treatment was voluntarily supplied by the insurer and compensation voluntarily paid until November 1, 1932. After the latter date further compensation was refused, on the ground that appellant was no longer disabled as a result of the injury.

In February, 1933, at the instance of appellant, a hearing was had before the Deputy Commissioner (Longshoremen's and Harbor Workers' Compensation Act, U. S. C., title 33, c. 18 [33 USCA § 901 et seq.]), and the Deputy Commissioner denied the claim to further compensation, on the ground that appellant's condition was not the result of an injury in the course of his employment, but was wholly the result of a pre-existing congenital condition in no way related to the employment.

Thereafter a petition for mandatory injunction was filed in the Supreme Court of the District of Columbia and the bill, after hearing, dismissed. This appeal was taken on the ground that the evidence does not sustain the Deputy Commissioner's finding. We have been at pains to examine the transcript of evidence, and we find ample there to justify the ruling of the Deputy Commissioner and to sustain his denial of compensation. In these circumstances, as we have often said, his findings of fact are final and not subject to review except upon proof there is no evidence to support them. Powell v. Hoage, 61 App. D. C. 99, 57 F.(2d) 766.

The bill of complaint was properly dismissed by the trial court.

Affirmed.